# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LUKE REED, JR.**                                                                           **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 3:18CV51-CWR-LRA**

**PELICIA HALL AND JUDGE WEILL**                             **DEFENDANT**S

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The undersigned Magistrate Judge entered an Order [3] granting Plaintiff Luke Reed, Jr., *in forma pauperis* status to file his Complaint pursuant to 42 U.S.C. § 1983. Reed had been a prisoner in custody of the Mississippi Department of Corrections [MDOC] but was released on December 23, 2017. He was initially sentenced by Judge Weill to 25 years and then appealed his conviction and sentence. According to Reed, the Mississippi Supreme Court reversed his conviction and granted him a new trial. He was thereafter sentenced to only five years. By the time he was re-sentenced, Reed contends that he had served the "full five years and a month 20 days on a nonmandatory charge." [sic]. Complaint [1], p. 5. As relief, Reed seeks $2000 a day "for every day they held me over my sentence which was not a mandatory sentence, I should have been out of prison at least 2 years earlier."

Reed named Commissioner Hall, who held him in MDOC custody over five years and Judge Weill who "convicted [him] wrong." Complaint [1], p. 4. By Order [3] entered May 3, 2018, he was allowed to proceed with his Complaint as to the MDOC

Commissioner Pelicia Hall [3]. Plaintiff also named as a Defendant Judge Jeff Weill, the Hinds County Circuit Judge who sentenced him to 25 years.

The undersigned recommends that Judge Weill be dismissed from this case because he is entitled to absolute judicial immunity under the circumstances described by Reed. Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question to be resolved as early in the proceedings as possible. *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judge Weill, as Circuit Court Judge for Hinds County, enjoys absolute immunity from damages when performing acts within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Claims of bad faith, malice, and corruption do not overcome absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)(citations omitted). Nor will a judge be deprived of immunity because the action he took was in error or in excess of his authority. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the clear absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *Stump*, 435 U.S. at 356-57. In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judges chambers; (3) whether the controversy centered around a case pending

before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Applying the four *Ballard* factors to Reed's allegations, it is clear that the actions of Judge Weill were judicial in nature. *Id.* at 517. He simply presided over Reed's trial and sentenced him within the law after the conviction. There are no allegations of misconduct. All of Judge Weill's "conduct" occurred in the courtroom in his role as the circuit judge. Likewise, there are no claims that Judge Weill lacked jurisdiction to preside over criminal proceedings in the Circuit Court for Hinds County. *See* Miss. Code Ann. § 9-7-81 (circuit court has original jurisdiction over state felony prosecutions). Judge Weill is entitled to absolute immunity from the claims asserted in this case.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed with prejudice as to Circuit Judge Jeff Weill under 28 U.S.C. § 1915(e)(2)(iii) (case should be dismissed at any time if the court determines that the complaint seeks monetary relief against a defendant who is immune from such relief).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C.

§ 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 4th day of May 2018.

                                            S/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE